UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr- 00475-AB |
| v. | **INFORMATION** |
| **VARUN NAGENDRA GUPTA,** | 18 U.S.C. § 1832(a)(3) |
| **Defendant.** | |

**THE UNITED STATES ATTORNEY CHARGES:**

1. Company 1 is an American technology company headquartered in California with its largest concentration of facilities and employees located in Oregon. Company 1 is one of the world's largest semiconductor chip manufacturers, supplying semiconductor products to companies globally, including Company 2, a domestic technology company headquartered in Redmond, Washington.

2. To maintain its competitive advantage and position in the semiconductor market, Company 1 invests heavily in research and development related to the design, manufacturing, and sale of its products. The technical, business, and strategic information it generates as a result of that work derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of that information.

**Information**                                                                                       **Page 1**

3. Company 1 protects the fruits of those efforts by requiring employees to execute employment agreements requiring employees, among other things, to:

   a. maintain the confidentiality of all Company 1 proprietary information, including confidential information and trade secrets,

   b. refrain from using Company 1's proprietary information other than at the direction and for the benefit of Company 1 and only within the scope of and during employment, and

   c. return and not retain any Company 1 proprietary information upon termination of employment.

4. Company 1 further protects its proprietary information by requiring that exiting employees with access to such information execute a Trade Secret Acknowledgement Form. The form identifies specific categories of proprietary information to which the employee was exposed, confirms the employee's obligations set out in the employment agreement, and requires the return of all Company 1 proprietary information.

5. Defendant **VARUN NAGENDRA GUPTA** is a former Company 1 product marketing engineer who executed an employment agreement at the start of his employment. Defendant's last position after a decade-long tenure at Company 1 saw him managing relationships with purchasers of Company 1's customized processors and overseeing the production and development of those processors from creation to launch. Defendant resigned on January 17, 2020, shortly after executing a Trade Secret Acknowledgement Form that listed specific types of processor development and business information as trade secrets to which defendant was exposed. Defendant began working at Company 2 on January 21, 2020.

6.  Unbeknownst to Company 1, and in violation of Company 1's corporate policies and the obligations in his employment and trade secrets agreements, defendant **VARUN NAGENDRA GUPTA** downloaded over 2,000 documents designated as Company 1 proprietary materials on or about his last day at Company 1. Company 1 treats those materials as confidential and trade secrets, the disclosure of which would cause Company 1 significant harm. Because of that, Company 1 applies extra security protocols to those materials. After resigning from Company 1, defendant accessed Company 1 proprietary information between on or about February 3, 2020, and on or about July 23, 2020, while employed at Company 2.

## COUNT 1
### (Possession of Stolen Trade Secrets)
### (18 U.S.C. § 1832(a)(3))

7.  On or about May 13, 2020, in the District of Oregon and elsewhere, defendant **VARUN NAGENDRA GUPTA**, intending to convert a trade secret that was related to a product and service used in and intended for use in interstate and foreign commerce to the economic benefit of anyone other than the owner of that trade secret, and knowing and intending that the offense would injure the owner of that trade secret, knowingly received and possessed such trade secrets belonging to Company 1, knowing the same to have been stolen and appropriated, obtained, and converted without authorization, that is:

8.  Defendant possessed and accessed PowerPoint 1, marked "[Company 1] Confidential," that contained Company 1's trade secrets, specifically its business analysis for engagement with Company 3, a large customer of Company 1 and major competitor of Company 2. PowerPoint 1 documented Company 3's unique and unusual request for undisclosed specific performance characteristics of Company 1's components. On May 6, 2020, and May 29, 2020,

defendant, while employed at Company 2 and negotiating on its behalf, asked Company 1 for the same specific performance characteristics discussed in PowerPoint 1.

All in violation of 18 U.S.C. § 1832(a)(3).

Dated: December 26, 2024
Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS, CAB #243633
First Assistant U.S. Attorney
GEOFFREY A. BARROW, D.C. #462662
Assistant United States Attorney


BRENT S. WIBLE
Principal Deputy Assistant Attorney General
Head of the Criminal Division

*/s/ Anand B. Patel*
ANAND B. PATEL
Senior Counsel
Criminal Division
U.S. Department of Justice